IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HARRY STARK,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )   No.  05 C 6987
                                      )
ABEX CORPORATION, et al.,             )
                                      )
            Defendants.               )

## MEMORANDUM ORDER

Harry Stark ("Stark") has just sued nearly 40 defendants, seeking to invoke federal jurisdiction on diversity of citizenship grounds. This memorandum order is issued sua sponte to address two problematic aspects of Stark's Complaint.

To begin with, although the Complaint attaches as its Exhibit A a list that purports to set out the state of incorporation and the principal place of business of each defendant (see 28 U.S.C. §1332(c)(1)), that showing is flawed as to at least one of the defendants--indeed, a principal defendant. National Electrical Manufacturers' Association is, as its name suggests, a membership organization--and as such, the normal rule for diversity purposes is that its citizenship for purposes of 28 U.S.C. §1332 is a function of the citizenship of every member. Although Stark's counsel may have been careful in selecting the other defendants so that none shares Stark's Illinois

citizenship,[1] it would seem a virtual certainty that some of that Association's hundreds of members must be Illinois citizens. That would of course defeat the requirement of total diversity that has controlled for two centuries (see Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)), and that in turn would compel the dismissal of this action for lack of subject matter jurisdiction.

To shift to another subject, Complaint ¶4 states:

> Plaintiff was occupationally exposed to welding fumes beginning in 1969 and continuing until 1980 at job sites within the state of Illinois

What obviously jumps off the page, given that allegation, is the question of how Stark can avoid dismissal on statute of limitations grounds.[2]

Accordingly Stark's counsel is ordered to file either an amendment to the Complaint or a brief memorandum addressing the two issues identified in this memorandum order on or before December 27, 2005. In the absence of such a filing, or if the

---

[1] This Court cannot tell whether a few of the other defendants--Airco/The Boc Group, Handy & Harmon and Huntington Alloys--may present problems as well (not all states' corporation statutes mandate, as does the Illinois statute, that every corporation's name must include an indicator of corporate status).

[2] This Court is aware that other allegations in the Complaint speak of concealment by defendants, but it would appear that enough information was publicly available about the hazards of exposure to welding fumes that would have put the ordinary person--and most particularly a welder--on inquiry notice.

filing does not satisfactorily treat with the first subject (the probable jurisdictional flaw), this Court would be constrained to dismiss both the Complaint and this action for lack of subject matter jurisdiction--without prejudice, of course, to the possible refiling of this action in a state court of competent jurisdiction.

                                 _____
                                 Milton I. Shadur
                                 Senior United States District Judge

Date: December 13, 2005