AE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HARRY STARK,                    )
                                )
            Plaintiff,          )
                                )
     v.                         )    No. 05 C 6987
                                )
ABEX CORPORATION, et al.,       )
                                )
            Defendants.         )

MEMORANDUM ORDER

Because federal courts are by definition courts of limited
jurisdiction, empowered by Art. III, § 2 of the Constitution to
act only to the extent authorized by Congress, nothing is more
firmly fixed in federal jurisprudence than the principle
succinctly set forth in the Wis. Knife Works v. National Metal
Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986) and often
reconfirmed by our Court of Appeals since then:

> The first thing a federal judge should do when a
> complaint is filed is check to see that federal
> jurisdiction is properly alleged.

So when the random assignment system delivered this newly-filed
action to this Court's calendar, it promptly issued a sua sponte
memorandum order ("Order") on December 13, 2005, directing
counsel for plaintiff Harry Stark ("Stark") to address the
question posed by the inclusion of National Electrical
Manufacturers Association ("Association") as one of the 40
defendants in a case that seeks to invoke diversity of
citizenship as the federal jurisdictional predicate.

When the December 27, 2005 deadline that the Order had set for Stark's response came and went without anything forthcoming from counsel, this Court kept its word as promised at the end of the Order: It dismissed both the Complaint and this action for lack of subject matter jurisdiction. Now counsel has belatedly (on January 4, 2006) submitted three documents: a Motion for Acceptance of Late Filing of Response Due to Cause, a Response to Memorandum Order of December 13, 2005 and a Notice of Tag-Along Action.

Before this memorandum order turns to the patent inadequacy of those submissions in substantive terms, something must be said as to their other deficiencies, reflecting a level of carelessness on the part of Stark's counsel. Here briefly are those other flaws:

1.  Stark's counsel has violated this District Court's L.R. 5.3(b), which requires every movant to accompany his or her motion with a notice of presentment specifying an early date and time when the motion is to be presented.

2.  In part the motion says that the December 27 due date was not met "due to a long planned office closure beginning December 23, 2005 until January 3, 2006." But even so there was ample time, during the period available before that December 23 date, to file either the requested response or a simple motion for an

2

extension of time. And if, as counsel adds, the first
of those alternatives was not manageable because of a
stated "medical emergency requiring surgery" on the
part of "the attorney handling the case," Sullivan's
Law Directory lists the Cascino Vaughan Law Offices[1] as
comprising two partners and four associates -- surely
one of the other lawyers could have prepared a timely
motion to extend, thus heading off the dismissal that
had been forewarned by the December 13 Order.

3. Counsel's Notice of Tag-Along Action quotes MDL Rule
7.5(e) as an asserted basis for notifying this Court
that the action is a potential "tag-along action" that
may be subject to transfer to the District Court for
the Northern District of Ohio, to which the MDL Panel
had transferred welding rods product liability cases
back in June 2003. But the quoted Rule deals with
notices to be directed to the Clerk of the MDL Panel,
not to a court such as this one, and it also provides
for such notices to be given by any "counsel in actions
previously transferred under Section 1407 or under
consideration by the Panel" for such transfer. What is

---

[1]     Counsel who has filed the current papers, an associate
in that firm, lists it instead on each signature page as "Vaughan
Cascino Law Offices." If he hopes to make partner, it would seem
wise to avoid repeating that error in revising the agreed-upon
ranking of the two name partners.

3

conspicuously absent from the current filing is any

indication that Stark's lawyers fit that description.

But all of those matters pale in comparison to the clear

nonresponsiveness on counsel's part as to the critical subject of

subject matter jurisdiction.[2]  All that counsel's Response says

on that score is that the Association "is a trade association

based in Virginia for purposes of diversity" and that the issue

should be "remanded" (sic) to the MDL Panel for a decision on the

subject of diversity.

As to the latter, the responsibility that is taught by Wis.

Knife Works and like cases is nondelegable -- this Court is duty-

bound to address any potential defect in subject matter

jurisdiction.  And as to the substantive issue itself, the

Supreme Court has spoken unequivocally in Carden v. Arkoma

Assocs., 494 U.S. 185, 195-96 (1990):

> Given what 180 years of cases have said and done, as opposed
> to what they might have said, it is difficult to understand
> how the dissent can characterize as "newly formulated" the
> "rule that the Court will, without analysis of the
> particular entity before it, count every member of an
> unincorporated association for purposes of diversity
> jurisdiction."  Post, at 199.

In sum, we reject the contention that to determine, for

---

[2]     Nothing further need be said here on the subject of the
statute of limitations, to which the Order adverted only briefly
in passing (a single short paragraph plus an even shorter
footnote), but as to which nearly all of counsel's current
response is devoted.  That subject would enter the picture only
if Stark could surmount the threshold jurisdictional hurdle, as
he has not.

4

diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all the members," Chapman, 129 U.S., at 681, "the several persons composing such association," Great Southern, 177 U.S., at 456, "each of its members," Bouligny, 382 U.S., at 146.[3]

In turn our Court of Appeals has repeatedly made in plain that Carden leaves no doubt as to the universality of that proposition -- see, e.g., such cases as Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)(referring to "a principle that members of associations are citizens for diversity purposes unless Congress provides otherwise (as it has with respect to corporations, 28 U.S.C. § 1332(c)(1)"); Indiana Gas Co. v. Home Ins. Co., 141 F.3d 314, 316 (7th Cir. 1998) ("unincorporated business entities, however, are treated as citizens of every jurisdiction in which any equity investor or member is a citizens .... Membership associations such as labor unions, joint stock companies, and joint ventures take the citizenship of each member"); and Meyerson v. Harrah's E. Chicago Casino, 299 F.3d 616, 617 (per curiam) ("the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be").

---

[3]     [Footnote by this Court.] Each of those cited cases involved a different kind of unincorporated entity -- and the last of them, Steelworkers v. R.H. Bouligny, Inc., 382 U.S. 145 (1965) specifically applied the stated rule to an unincorporated association.

Indiana Gas applied the identical principle (as this Court had earlier done in Certain Underwriters at Lloyd's, London, No. 96 C 3628, 1996 WL 377081 (N.D.Ill. June 27)) to Underwriters at Lloyd's, London, and a trade association such as the Association here stands on no different footing.[4] In short, Stark's counsel has still failed to meet the burden of demonstrating the required total diversity of citizenship (unsurprisingly, given the obvious unlikelihood that no manufacturer that is either incorporated or has its principal place of business in Illinois is an Association member). Hence Stark's current motion is denied, and this action remains dismissed for lack of subject matter jurisdiction.

Milton I. Shadur
Senior United States District Judge

Date: January 5, 2006

---

[4] In Westinghouse Elec. Corp. v. Kerr-McGee Corp., 580 F.2d 1311, 1318-19 (7th Cir. 1978) our Court of Appeals found it unnecessary to resolve the somewhat related question whether a law firm that represents a large unincorporated trade association should be treated as numbering each member of the association among its clients -- a question that had been answered in the affirmative by the few district courts that had considered it.

6