IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HARRY STARK, )
)
Plaintiff, )
)
v. ) No. 05 C 6987
)
ABEX CORPORATION, et al., )
)
Defendants. )

## MEMORANDUM ORDER

When Harry Stark ("Stark") initially brought this action against nearly 40 defendants, seeking to invoke federal jurisdiction on diversity of citizenship grounds, this Court promptly noted what appeared almost certain to be a jurisdictional flaw in that respect--the inclusion on the defendants' side of National Electrical Manufacturers Association ("Association"), which seemed almost certain to negate the required total diversity. When Stark's counsel did not address that issue within the two-week deadline that this Court's December 13, 2005 memorandum order had set for that purpose, this Court complied with the teaching of our Court of Appeals by dismissing this action because of Stark's failure to have established subject matter jurisdiction.

Next Stark's counsel tendered a belated submission that still failed to address the jurisdictional issue but instead asked this Court to consider the possible status of this action as a "tag-along" action that the MDL Panel might transfer to the

District Court for the Northern District of Ohio, which had received an initial package of welding rods product liability cases back in June 2003. That did not of course alter this Court's responsibility to determine whether federal subject matter jurisdiction existed in the first place, so it issued its January 5, 2006 memorandum order reconfirming the earlier dismissal.

Thereafter Stark's counsel decided that the Association was not a necessary target after all and filed a First Amended Complaint ("FAC"), dropping it as a defendant so that there was no longer a question as to diversity, and therefore moved to reinstate the action. This Court granted the motion so that the case could move forward in this District Court against the remaining defendants (still nearly 40 in number).

Now one of those remaining defendants, Reynolds Metals Company ("Reynolds"), has filed its Answer and Affirmative Defenses ("ADs") to Stark's Complaint. That responsive pleading has highlighted some problems with the Complaint, as well as exhibiting some flaws of its own. Hence this new memorandum order.

It makes sense to approach those problems through Reynolds' ADs, both because Stark's counsel is free to target any aspects of the Answer itself and because the ADs point up flaws on both sides of the "v." sign. Here then are some aspects of the ADs

that call for attention:

    1. Even apart from the fact that the equivalent of a Fed. R. Civ. P. ("Rule") 12(b)(6) motion is really not an "affirmative defense" within the meaning of Rule 8(c) and the caselaw applying it, both ADs 1 and 2 are without merit under our Court of Appeals' teaching most recently articulated in <u>Kolupa v. Roselle Park Dist.</u>, No. 05-2925, 2006 WL 306955 (7th Cir. Feb. 10, which provides a lesson in Federal Practice and Procedure 101 that this Court would commend as compulsory reading for every federal practitioner. Those ADs are stricken.

    2. ADs 3 through 6 are insufficiently informative, even under the generous principles of notice pleading that apply to plaintiffs and defendants alike. If Reynolds intends to advance any of those defenses, it must both flesh them out and make them the subject of an early motion supported by the required showings, failing which they will be deemed to have been waived (or more accurately forfeited). That is particularly (though not exclusively) true as to AD 3, which asserts the absence of in personam jurisdiction over Reynolds.

    3. AD 7, with its telltale "to the extent" language, leaves it uncertain whether such an AD does or does not exist. That however places in bold relief, as do many of

the remaining ADs, the problem posed by Stark's impermissible lumping of "defendants" throughout the Complaint in a way that makes it impossible for any defendant to know just which of <u>its</u> acts or omissions are being asserted as the basis for claimed liability to Stark. If this action is to remain before this Court, rather than being transferred as part of the MDL package, Stark's counsel will have to clean up their act--and to do so promptly.

4. What has just been said accounts for the uncertainty attendant on many of Reynolds' other ADs, which might otherwise be subject to being stricken for much the same reasons earlier referred to as to ADs 3 through 6. For the present this Court will not specifically address any of the many additional ADs, leaving that for future consideration-- either based on any motions that Stark's counsel may choose to bring in that regard or in the light of the greater particularization that Stark must provide. In summary:

1. Reynolds must attend to the several flaws in its ADs that have been identified in this memorandum order.

2. Stark must promptly provide more specifics as to just which of the constant blanket references to "defendants" in the FAC refer to Reynolds, so that the

latter (and this Court) can focus properly on the issues that Reynolds confronts in this litigation.

In the meantime either or both Stark and Reynolds is or are directed to apprise this Court of the status of this action in relation to the MDL proceeding.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 24, 2006