IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HARRY STARK,                          )
                                      )
                  Plaintiff,          )
                                      )
      v.                              )    No. 05 C 6987
                                      )
ABEX CORPORATION, et al.,             )
                                      )
                  Defendants.         )

MEMORANDUM ORDER

Two of the nearly 40 defendants in this action--Foster Wheeler Energy Corporation and Elliott Turbomachinery Company, Inc.--have filed their Answers and Affirmative Defenses ("ADs") to the First Amended Complaint ("FAC"), together with Notices of Tag-Along Action (the latter refer to the MDL-ordered proceedings pending before Honorable Kathleen McDonald O'Malley in the United States District Court for the Northern District of Ohio, covering welding rod products liability cases). Even though this Court would welcome the prospect of a transfer to Judge O'Malley if that takes place, at least for the nonce this action is lodged here--hence the issuance of this sua sponte memorandum order to address some deficiencies in the two responsive pleadings.

To begin with, it is true that defense counsel sometimes adhere faithfully to the terms of the disclaimer required by the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as the basis for a deemed denial of certain of the FAC's allegations (in that respect, see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley,

199 F.R.D. 276, 278 (N.D. Ill. 2001)). Nonetheless:

    1. Even where such compliance exists, it is followed by what amounts to an oxymoronic denial of the selfsame allegations (after all, if someone really lacks information sufficient to form a belief as to the truth of a statement, that party cannot then <u>deny</u> the statement in the objective good faith that is required by Rule 11(b)). In addition, each such paragraph goes on to voice a meaningless demand for "strict proof," whatever that may be--a demand that has no warrant in federal practice (or to this Court's knowledge in any other practice either)--again see App. ¶1 to <u>State Farm</u>.

    2. In other places in the Answer counsel inexplicably depart from Rule 8(b)'s plain language by disclaiming "sufficient knowledge or information to either admit or deny the allegations" in the FAC--a locution that omits the demanding requirement that the pleader must lack a belief to get the benefit of a deemed denial. Not surprisingly, those paragraphs also go on with impermissible denials and demands for strict proof.

All of the paragraphs of the Answer that include any such flaws are stricken, with leave granted to replead.

Although this Court has not made the effort to identify all of the defects in the current responses, it has also noted

occasional statements in the Answer that a document cited in the FAC "speaks for itself." In that respect, see App. ¶3 to <u>State Farm</u>. All of those statements (and their related demands for strict proof) are stricken, and the amended pleading hereafter provided for must respond to all of the FAC's allegations as required by the first sentence of Rule 8(b) or, if it applies, by the second sentence of Rule 8(b).

There are also a number of problematic ADs (as to which see not only Rule 8(c) and its caselaw but also App. ¶5 to <u>State Farm</u>). Because of the prospect of transfer of this action, this memorandum order will not trouble itself to deal with all such matters (something that may be done if the case stays here), but the following obvious problems are worth noting:

1. AD 3, which ascribes plaintiff's injuries solely to his own conduct and fault, is totally inconsistent with the FAC's allegations. It is stricken.

2. Many of the ADs simply assert purported defenses in skeletal form, without any fleshing out of the kind that must be provided to inform both plaintiff's counsel and this Court of the basis for such contentions (even under the generous standards of notice pleading that apply to plaintiffs and defendants alike). If this case does remain here, each defendant will have to replace those formulaic ADs with something meaningful.

In summary, to avoid the need for any reader to skip back and forth between different pleadings to see just what is and what is not being placed in issue, both of the current responsive pleadings are stricken in their entirety, but with leave granted to file self-contained Amended Answers and ADs on or before March 20, 2006. No charge is to be made to defendants by their counsel for the added work and expense incurred in correcting counsel's errors.[1] Defense counsel are ordered to apprise each client to that effect by a letter accompanied by a copy of this opinion, with copies of the two letters to be transmitted to this Court's chambers purely as an informational matter (not for filing).

                                            */s/ Milton I. Shadur*
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: March 9, 2006

---

[1] Indeed, it is this Court's recollection that the same law firm that has filed the current pleadings has committed comparable errors more than once in the past.