IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HARRY STARK,                        )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   No.  05 C 6987
                                    )
ABEX CORPORATION, et al.,           )
                                    )
            Defendants.             )

MEMORANDUM ORDER

Until such time as this action may be transferred out of this judicial district as an MDL tag-along case (a consummation devoutly to be wished), it remains to this Court to deal with any problems that are created by current activities of the litigants. For that reason a memorandum order was entered yesterday to deal with the deficiencies in the responsive pleading filed by two of the nearly 40 defendants in the case. Now this morning's deliveries from the Clerk's Office to this Court's chambers have produced a just as troublesome pleading filed by defendant Cabot Corporation ("Cabot"). With regret this Court is constrained to say that no work product of this type should be forthcoming from any federal practitioner.[1]

---

[1] As partial evidence of the level of carelessness involved, the answer begins by referring to plaintiff as "Nylus Stanton" rather than actual plaintiff Harry Stark ("Stark"), a sure tipoff to its boilerplate nature as having been lifted from a pleading in a totally different case. And the caption that precedes Answer ¶44 refers to the "Tortuous [sic] Acts of Defendants"--something that might perhaps be true, but that is not what plaintiff Stark has alleged.

As was true of the responsive pleading dealt with in yesterday's memorandum order, Cabot's counsel has followed a proper invocation of the disclaimer in the second sentence of Fed. R. Civ. P. ("Rule") 8(b) by an oxymoronic denial of the allegations as to which that disclaimer is asserted (Answer ¶¶2 and 3). That denial is accordingly stricken. But that comparatively minor hiccup is dwarfed by the egregiousness of counsel's rote repetition of a flat-out denial of every one of the next 100 paragraphs of Stark's Complaint (Answer ¶¶4-103), even though it is plain that many of those paragraphs simply cannot be denied in the objective good faith required of every pleader under Rule 11(b).

As if that were not enough to require a total repleading (and it is), counsel's assertion of no fewer than 13 affirmative defenses ("ADs") also reflects a disregard of what is required by the federal regime of notice pleading. AD 1, which is the equivalent of a Rule 12(b)(6) motion, is stricken (as to which see not only Rule 8(c) and the caselaw applying it but also App. ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)). And as for all of the other ADs, more thought and more information are required if they are to survive.

In summary, the current pleading is stricken in its entirety, but with leave granted to file a proper responsive pleading on or before March 22, 2006. No charge is to be made to

2

Cabot by its counsel for the added work and expense incurred in correcting counsel's errors. Finally, Cabot's counsel are ordered to apprise their client to that effect by a letter accompanied by a copy of this opinion, with a copy of the letter to be transmitted to this Court's chambers purely as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: March 10, 2006