IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HARRY STARK, )
)
        Plaintiff, )
)
v. ) No. 05 C 6987
)
ABEX CORPORATION, et al., )
)
        Defendants. )

## MEMORANDUM

In lieu of a motion, counsel for Reynolds Metal Company ("Reynolds," one of the many defendants in this action) wrote this Court the attached March 20, 2006 letter, transmitting copies of the letter to all other counsel that have appeared of record for a number of the parties. Reynolds' counsel points out correctly that this Court's February 24, 2006 memorandum order ("Order") had set no specific timetable for the required modification by plaintiff Harry Stark ("Stark") of his First Amended Complaint ("FAC") to make certain that counsel for Reynolds and other defendants could have a better sense of what acts and omissions were being ascribed to their respective clients.

That lack of specificity was deliberate, for the FAC is lengthy and obviously needs a good deal of working through to provide the required particularization among the nearly 40 defendants (even though that work really should have been done by Stark's counsel in the first instance). With no Second Amended

Complaint ("SAC") having been forthcoming from Stark's counsel during the intervening month, however, this Court now sets a deadline of April 7, 2006 for the filing of that SAC.

But in direct response to the Reynolds inquiry, this Court does not permit Reynolds' present blunderbuss set of affirmative defenses ("ADs") to "stand until plaintiff provides a more definite statement." Instead it is the Order that stands, with Reynolds being granted 21 days after its counsel's receipt of the SAC within which to advance whatever ADs can then be asserted in the objective good faith required by Fed. R. Civ. P. 11(b).

                                                    */s/ Milton I. Shadur*
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date:  March 28, 2006

# LeBoeuf, Lamb, Greene & MacRae LLP

| | | |
|---|---|---|
| NEW YORK<br>WASHINGTON, D.C.<br>ALBANY<br>BOSTON<br>CHICAGO<br>HARTFORD<br>HOUSTON<br>JACKSONVILLE<br>LOS ANGELES<br>PITTSBURGH<br>SAN FRANCISCO | Two Prudential Plaza<br>180 North Stetson Avenue, Suite 3700<br>Chicago, IL 60601-6710<br>(312) 794-8000<br>Facsimile: (312) 794-8100<br><br>E-MAIL ADDRESS: EZIAJA@LLGM.COM<br>WRITER'S DIRECT DIAL: (312) 794-8022<br>WRITER'S DIRECT FAX: (312) 729-6522 | LONDON<br>A MULTINATIONAL<br>PARTNERSHIP<br>PARIS<br>BRUSSELS<br>JOHANNESBURG<br>(PTY) LTD.<br>MOSCOW<br>RIYADH<br>AFFILIATED OFFICE<br>BISHKEK<br>ALMATY<br>BEIJING |

March 20, 2006

**RECEIVED MAR 2 0 2006 MILTON I. SHADUR SENIOR U.S. DISTRICT JUDGE**

**VIA MESSENGER**
The Honorable Milton I. Shadur
Dirksen Federal Building
219 South Dearborn Street, Room 2388
Chicago, Illinois 60604

      Re: *Harry Stark v. Apex Corporation, et al.*, 05-C-6987

Dear Judge Shadur:

      On February 24, 2006 this Court issued a Memorandum Order directed at Defendant Reynolds Metal ("Reynolds") and Plaintiff Harry Stark ("Plaintiff"). The Order required Reynolds to flesh out affirmative defenses 3 through 27. It also ordered Plaintiff to provide more specific information in his First Amended Complaint so that it was clear which defendant the alleged acts or omissions were being directed toward. Additionally this Court asked to be apprised of the status of the Multidistrict Litigation in relation to this case.

      As an initial matter, the MDL proceeding identified as *In re Welding Fume Products Liability Litigation*, 1:03-cv-1700 (MDL 1535) is currently proceeding before the Honorable Kathleen O'Malley in the Northern District of Ohio. The MDL presently consists of 6,000 individual claims pending before the court. The Judicial Panel on Multidistrict Litigation determined that the welding rod cases involved common questions of fact and that centralization was appropriate. Accordingly, all welding rod cases were ordered to be transferred for the purpose of coordinating discovery and other pretrial matters. Subsequently filed cases, such as this matter, have ordinarily been transferred and become part of MDL 1535 as a "tag along" case. In most instances the cases are transferred within sixty days of filing the complaint and/or defendants' first responsive pleading.

      Until a transfer occurs, however, it is important to Reynolds to comply with this Court's Order and preserve its remaining affirmative defenses. To do this, however, we are requesting clarification as to the terms of the Order.[1]

---

[1] Reynolds understands that this Court may prefer this request to come in the form of a Motion. However, Reynolds felt that a letter might expeditiously resolve any uncertainty without significant cost to the parties and without intrusion on the Court's calendar. Reynolds remains willing and prepared to file a Motion if this Court deems such action necessary.

As stated above, Reynolds was ordered to more fully develop several of its affirmative defenses. As was recognized by this Court, part of the difficulty in formulating articulated affirmative defenses is Plaintiff's "blanket" use of the term defendant. To remedy this situation, this Court required Plaintiff to "provide more specifics as to just which of the constant references to 'defendants' in the FAC refer to Reynolds." Although Plaintiff was ordered to supply the information "promptly," there was no specific deadline.

As Reynolds' compliance with the Order is contingent upon Plaintiff's compliance with the Order, Reynolds merely seeks clarification that its affirmative defenses will stand until Plaintiff provides a more definite statement. Further, Reynolds asks this Court to allow Reynolds an extended period of time, perhaps thirty days, after Plaintiff complies with the Order to file its amended affirmative defenses and/or related motion. There is currently no deadline for when Reynolds must modify its affirmative defenses. Reynolds believes that additional time allows the parties to provide more artfully-crafted and substantive pleadings while simultaneously affording this Court time to evaluate the action in light of the MDL proceedings.

Thank you for your consideration of this matter. We are also available to discuss this issue in greater detail during a conference call with this Court and Plaintiff's counsel.

Sincerely,

Erin L. Ziaja

EZ:flr
cc: Robert George McCoy
Jacqueline J. Herring
Terence Edward Flynn
Anthony L. Abboud
Rory L. Margulis
Frederick S. Mueller
Joseph Frank Spitzzeri
Sandra E. Kupelian
Amanda J. Spatafore
Paul D. Kruper