IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HARRY STARK,                     )
                                 )
            Plaintiff,           )
                                 )
      v.                         )     No.  05 C 6987
                                 )
ABEX CORPORATION, et al.,        )
                                 )
            Defendants.          )

MEMORANDUM ORDER

Arcos Industries, L.L.C. ("Arcos") has just filed its Answer, including affirmative defenses ("ADs"), to the Complaint brought against it and nearly 40 other defendants by Harry Stark ("Stark"). This Court can scarcely wait for this action to be transferred as an MDL tagalong case, for Arcos' counsel have just joined the club of the defense lawyers in this lawsuit who have ignored or flouted fundamental federal pleading principles and this District Court's LRs. Enough is enough.[1]

But before this memorandum order turns to those matters with as much brevity as possible, a more fundamental jurisdictional issue must be addressed. Because Arcos is a limited liability company, *its* principal place of business and *its* state of incorporation are irrelevant for diversity of citizenship purposes--instead it is the state or states of citizenship of every one of its members that must be identified. Among the many cases providing a constant reminder of that principle and the

---

[1] In that respect, see also n. 2 to this memorandum order.

procedure that it entails, see <u>Meyerson v. Harrah's E. Chicago Casino</u>, 299 F.3d 616, 616-17 (7th Cir. 2002)(per curiam). Accordingly Arcos' counsel are ordered to file an amendment to their Answer ¶2 providing all of that information, so that this Court may ascertain whether the requisite diversity of citizenship is or is not present.

As for the pleading deficiencies first mentioned here, one is the noncompliance by Arcos' counsel with the mandate of LR 10.1. That provision will have to be complied with in the Amended Answer ordered hereafter.

As for the rest of the flaws in the current pleading, this memorandum order will address them as briefly as possible. They too much be cured in the Amended Answer.

First, the Answer (1) is shot through with repeated noncompliance with the crystal-clear requirement of the second sentence of Fed. R. Civ. P. ("Rule") 8(b) in order for a defendant to get the benefit of a deemed (rather than actual) denial of a plaintiff's allegations, as well as (2) repeatedly asserts a meaningless demand for "strict proof," whatever that may be. In both of those respects, see App. ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

Next counsel mistakenly asserts in a couple of places that a legal conclusion included among a complaint's allegations needs

no answer.  Not so--see App. ¶2 to <u>State Farm</u>.

Then in Answer ¶¶76-78, Arcos' counsel waffles by providing no directly responsive answer to the corresponding allegations in Stark's Amended Complaint ("AC").  Those paragraphs must be supplanted by responses that inform both Stark's counsel and this Court as to just what is being admitted and what is not.

Finally, the everything-but-the-kitchen-sink approach adopted by Arcos' counsel in setting out no fewer than 30 ADs is unacceptable.  In substantial part it is directly at odds with Rule 8(c), the caselaw applying it and the lessons this Court has sought to provide in App. ¶5 to <u>State Farm</u>.

For one thing, ADs should be limited to defenses (1) that are not at odds with any of the AC's allegations (which must be accepted as true for this purpose) and (2) that meet the requirements and purposes of notice pleading by telling Stark's counsel and this Court just what is being asserted (to choose just a few examples in that last respect, see ADs 12, 19, 20 and 22).  Though this memorandum order has made no effort to be exhaustive on the subject of AD deficiencies, a few more examples are found in ADs 10 and 27 (which are stricken without leave to replead) and in AD 29 (which is also stricken, this time without leave to replead unless Arcos can promptly identify the asserted missing parties).

Because of the pervasive nature of the flaws in Arcos'

3

current pleading, it is stricken in its entirety. Its counsel are granted until April 17, 2006 to file a self-contained Amended Answer that is sufficient unto the day. No charge is to be made to Arcos by its counsel for the added work and expense incurred in correcting counsel's errors. Arcos' counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).[2]

                                           */s/ Milton I. Shadur*
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: April 3, 2006

---

[2] By sheer chance, after this memorandum order had been dictated, then transcribed in draft, the Answer and ADs filed by another defendant--Hypertherm, Inc. ("Hypertherm")--arrived in this Court's chambers. Although that responsive pleading does not share most of the defects identified here, its inclusion of no fewer than 33 ADs is just as objectionable as Arcos' laundry list. All those ADs are stricken, with leave granted to file a better-thought-through replacement set on or before April 17. And the just-completed paragraph of the text applies with equal force to Hypertherm's counsel.